**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STACI A. CRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-1402-M |
| | ) | |
| EDMOND HEALTH CARE CENTER, | ) | |
| an Oklahoma corporation; | ) | |
| NANCY DELONG, an Individual; | ) | |
| XYZ; and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Edmond Health Care Center ("EHCC") and Nancy DeLong's ("DeLong") Motion to Dismiss, filed July 6, 2007. On August 10, 2007, plaintiff filed her response.

Plaintiff filed this action on December 20, 2006. On April 20, 2007, plaintiff filed an Application for Leave to Serve Summons on Defendant Outside of 120 Days after Filing Petition. On April 23, 2007, the Court granted plaintiff's application and ordered plaintiff to serve defendants on or before June 18, 2007. On June 14, 2007, plaintiff filed her Praecipe for Summons and her Summons for EHCC and DeLong. EHCC was served on June 19, 2007, and DeLong was served on June 22, 2007.

EHCC and DeLong now move this Court to dismiss this action based upon untimely service.[1] In her response, plaintiff states that because she was attempting to settle this case, obtaining service on EHCC and DeLong was delayed. While the Court does not condone plaintiff's counsel's failure

---

[1] In their motion, EHCC and DeLong also state that this action should be dismissed for lack of subject matter jurisdiction and venue; however, they do not provide any support or argument for dismissal on these bases. Accordingly, the Court finds the motion to dismiss should not be granted on these bases.

to institute service on EHCC and DeLong within a sufficient amount of time to meet the Court's deadline, the Court does find that the reason for delaying service warrants the small extension of time necessary in this case to make service upon EHCC and DeLong timely – one day for EHCC and four days for DeLong.

Accordingly, because the Court finds that the time for obtaining service should be extended as set forth above, the Court finds that both EHCC and DeLong were timely served. The Court, therefore, DENIES EHCC and Delong's Motion to Dismiss [docket no. 7].

**IT IS SO ORDERED this 11th day of September, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE